UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CUMMINGS LAND & PROPERTIES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-00601 |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Northfield Insurance Company files this Notice of Removal under 28 U.S.C. § 1446(a) and states:

**I.**
**INTRODUCTION**

1. Plaintiff is Cummings Land & Properties, Ltd. ("Plaintiff"). Defendant is Northfield Insurance Company ("Defendant").

2. On April 14, 2016, Plaintiff filed suit against Defendant in the 17th Judicial District Court for Tarrant County, Texas – Cause Number 017-284909-16, seeking to recover more than $100,000 in alleged damages.

3. Defendant was served with Plaintiff's Original Petition and Request for Disclosure ("Petition") on May 31, 2016. Defendant thus files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action was filed is located in this District.

## II.
## BASIS FOR REMOVAL

5. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees). These two conditions are clearly satisfied in this matter.

### A. Citizenship of the Parties

6. Defendant Northfield Insurance Company is a foreign insurance company incorporated under the laws of Iowa, with its principal place of business in Connecticut. Defendant is thus a citizen of Iowa and Connecticut for purposes of diversity jurisdiction.

7. Plaintiff Cummings Land & Properties, Ltd. is a Texas Limited Partnership with its principal place of business in Fort Worth, Texas. The citizenship of a limited partnership is determined by the citizenship of its partners.[1] Here, the sole general partner of Cummings Land & Properties, Ltd. is G.P.-C.L.&P, LLC – a Texas Limited Liability Company whose only reported member/manager is Tim Cummings (a citizen of Texas). Based on publicly-available records regarding Cummings Land & Properties, Ltd.'s organization and structure, Defendant understands no partner of Cummings Land & Properties, Ltd. is a citizen of Iowa or Connecticut.

8. Because Plaintiff is not a citizen of Iowa or Connecticut (*i.e.*, Defendant's state(s) of citizenship for jurisdictional purposes), there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332(a).

### B. Amount in Controversy

9. Defendant's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied if it is facially apparent that Plaintiff's claims in this

---

[1] *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1090 (5th Cir. 2008).

suit exceed $75,000, exclusive of interest, costs, and attorneys' fees.[2]

10. Here, Plaintiff's Petition states that Plaintiff seeks monetary relief exceeding $100,000 in this action.[3] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

11. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

## III.
## CONCLUSION

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

13. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court;

b. a copy of the docket sheet in the state court action;

c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

d. a separately signed certificate of interested persons that complies with

---

2 *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

3 *See* Plaintiff's Petition at ¶¶ 2, 14.

Local Rule 3.1(c).

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

15. For the foregoing reasons, Defendant hereby provides notice that this action is duly removed.

Respectfully submitted,

By: */s/ James W. Holbrook, III*
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that, on June 28, 2016, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Patrick Connell McGinnis
pmcginnis@merlinlawgroup.com
MERLIN LAW GROUP
Three Riverway, Suite 701
Houston, TX 77056
Telephone: 713-626-8880
Facsimile: 713-626-8881
***Attorney for Plaintiff***

*/s/ James W. Holbrook, III*
James W. Holbrook, III