# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CUMMINGS LAND & PROPERTIES, LTD., | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.  4:16-cv-00601 |
| v. | § § | |
| NORTHFIELD INSURANCE COMPANY, | § § | |
| Defendant. | § § | |

## EXHIBIT A

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

   a. Plaintiffs' Original Petition and Request for Disclosure
      Filed:      April 14, 2016

   b. Return of Service of Citation on Defendant Northfield Insurance Company
      Served:    May 31, 2016
      Filed:      May 31, 2016

   c. Defendant's Answer to Plaintiffs' Original Petition
      Filed:      June 24, 2016

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CUMMINGS LAND & PROPERTIES, LTD., | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.  4:16-cv-00601 |
| v. | § § | |
| NORTHFIELD INSURANCE COMPANY, | § § | |
| Defendant. | § § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1. Plaintiff's Original Petition and Request for Disclosure
   Filed:          April 14, 2016

2. Return of Service of Citation on Defendant Northfield Insurance Company
   Served:      May 31, 2016
   Filed:         May 31, 2016

3. Defendant's Answer to Plaintiff's Original Petition
   Filed:          June 24, 2016

# Exhibit A-2



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 6/28/16 4:33 PM |
| --- | --- |

| Cause Number: | 017-284909-16 | | Date Filed: 04-14-2016 |
| --- | --- | --- | --- |

| CUMMINGS LAND & PROPERTIES, LTD | | VS | | NORTHFIELD INSURANCE COMPANY |
| --- | --- | --- |

Cause of Action:     OTHER CIVIL, OTHER

Case Status:     PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
| --- | --- | --- | --- | --- | --- |
| 04-14-2016 | PLTF'S ORIG PET & REQ FOR DISCL | N | I | 284.00 | |
| 04-14-2016 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 04-14-2016 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 04-14-2016 | CIT-ISSUED ON NORTHFIELD INSURANCE COMPANY-On 04/15/2016 | N | Svc | 8.00 | |
| 04-14-2016 | COURT COST (PAID) trans #4 | Y | | | 8.00 |
| 04-14-2016 | COPIES - SENT TO DP | N | | 3.15 | |
| 04-14-2016 | COURT COST (PAID) trans #6 | Y | | | 3.15 |
| 04-14-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 04-14-2016 | COURT COST (PAID) trans #8 | Y | | | 2.00 |
| 05-31-2016 | RTN OF SVC ON NORTHFIELD INSURANCE COMPANY | I | | | 0.00 |
| 05-31-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 05-31-2016 | COURT COST (PAID) trans #11 | Y | | | 2.00 |
| 05-31-2016 | CIT Tr# 4 RET EXEC(NORTHFIELD INSURANCE COMPANY) O n 05/31/2016 | I | | | 0.00 |
| 06-24-2016 | DEFN'S ANS TO PLTF'S ORIG PET | I | | | 0.00 |
| 06-24-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 06-24-2016 | COURT COST (PAID) trans #15 | Y | | | 2.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

# Exhibit A-3

Exhibit A-3-a

FILED
TARRANT COUNTY
4/14/2016 8:49:54 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. ___017-284909-16___

| | | |
|---|---|---|
| CUMMINGS LAND & PROPERTIES, LTD. | )( )( )( | IN THE DISTRICT COURT OF |
| vs. | )( )( )( | TARRANT COUNTY, TEXAS |
| NORTHFIELD INSURANCE COMPANY | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, CUMMINGS LAND & PROPERTIES, LTD., (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendant, NORTHFIELD INSURANCE COMPANY (hereinafter sometimes referred to as "Defendant"), and for cause of action would show the following:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

2.     Plaintiff seeks only monetary relief in excess of $100,000.

### B. PARTIES

3.     CUMMINGS LAND & PROPERTIES, LTD, Plaintiff, is the owner of the property located in Fort Worth, Tarrant, County, Texas.

4.     NORTHFIELD INSURANCE COMPANY is a foreign insurance company licensed to do business in the State of Texas, with its principal place of business in Iowa. Service may be had on NORTHFIELD INSURANCE COMPANY by serving its president RANDALL DEAN JONES, or his nominee at: 385 Washington Street, St. Paul, MN 55102, or wherever they may be found.

1

## C. JURISDICTION

5.      This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.      The court has jurisdiction over the Defendant, NORTHFIELD INSURANCE COMPANY because Defendant is licensed to do insurance business in the state of Texas; engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

## D. VENUE

7.      Venue is proper in Tarrant County, Texas because:

   a.      The property which was insured by Defendant, and which sustained damages as a result of the covered cause of loss made the basis of this suit, is located in Tarrant County, Texas;

   b.      The damage to Plaintiff for which claim was made to Defendant for insurance proceeds was incurred in Tarrant County, Texas as a result of a covered cause of loss, which occurred in Tarrant County, Texas;

   c.      Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted by Defendant or its in-house or outside adjusters, who conducted claims-handling activities in Tarrant County, Texas;

   d.      This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Tarrant County, Texas;

## E. FACTS

8.      Plaintiff is the owner of a Texas commercial insurance policy issued by Defendant with Policy No. 23-WS125204-1 (hereinafter sometimes referred to as "Policy") for the policy period of 01/19/2012 through 01/19/2013.  Plaintiff owns the insured property located at 3409 Raider Dr., Fort Worth, Texas 76102, (hereinafter sometimes referred to as "Building").

9.     Defendant sold the Policy insuring the Building for damages resulting from the covered cause of loss made the basis of this suit, including, without limitation, physical damage to the Building, damage to personal property, damage to other structures, additional living expenses, code upgrades, temporary repairs, and debris removal, all of which are more particularly described in the Policy.  Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on or about 04/03/2012, (hereinafter sometimes referred to as "Covered Event").

10.    As a result of the Covered Event, which occurred on 04/03/2012, Plaintiff suffered losses covered under the Policy.  The Building sustained severe damages, which required temporary and permanent repairs.  Plaintiff continues to suffer damages which are covered under the Policy.

11.    Plaintiff promptly put Defendant on notice of the claim.

12.    Plaintiff retained Suncoast Claims for an estimate repair/replace the damages caused by the Covered Event.  Suncoast's estimate totaled $503,352.34.  Defendant assessed the damages at only $14,939.46.

13.    Defendant has grossly underpaid the damages suffered by Plaintiff in breach of the insurance policy.

14.    To this day, Plaintiff has only been paid approximately $5,048.64.  The true cost of the damages to Plaintiff are in excess of $500,000.

15.    Since Defendant has partially or completely denied the claim, it is obvious that Defendant had all the information in its possession that it reasonably required to accept or reject the claim.

3

## F. <u>CAUSES OF ACTION</u>
### COUNT I
### BREACH OF CONTRACT BY DEFENDANT

16.    Paragraphs 1 through 15 are incorporated by reference.

17.    The conduct of Defendant, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

18.    Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees. Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

### COUNT II
### VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT

19.    Paragraphs 1 through 18 are incorporated by reference.

20.    The conduct of Defendant, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

21.    Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

22.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its

4

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

23.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

24.     Defendant's unfair settlement practice of adjusting only one building in the "Mini Storage" complex as opposed to all buildings, based on an unfair and tortured interpretation of the policy that Defendant, wrote and sold to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation 541.051, 541.060 and 541.061.

25.     Defendant's unfair settlement practice, described above, refusing to pay Plaintiff's claims while failing to conduct a reasonable investigation, constitutes an unfair method of competition, and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

### COUNT III
### THE FAILURE OF DEFENDANT TO COMPLY WITH
### TEXAS INSURANCE CODE CHAPTER 542:  THE
### PROMPT PAYMENT OF CLAIMS ACT

26.     Paragraphs 1 through 25 are incorporated by reference.

27.     Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

28.     Defendant's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims.  TEX. INS. CODE Section 542.055-542.060.

29.     Defendant's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims.  TEX. INS. CODE Sections 542.055-542.060.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS
## BY DEFENDANT

30.     Paragraphs 1 through 29 are incorporated by reference.

31.     Defendant, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

32.     Defendant refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

33.     No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim.  The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts.  As described above, Defendant failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while Defendant knew or

6

should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

34.      The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial.  Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

## G.  KNOWLEDGE AND INTENT

35.      Paragraphs 1 through 34 are incorporated by reference.

36.      Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

## H.  VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

37.      Paragraphs 1 through 36 are incorporated by reference.

38.      Plaintiff purchased the Policy in question from the Defendant and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act.  Plaintiff has been damaged by Defendant's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

39.      Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

40.     Defendant has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

a.     Defendant misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b.     Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;

c.     Defendant refused to pay the claim without a reasonable investigation on its part with respect to the claim.

41.     As a result of Defendant's violations of DTPA, Plaintiff suffered actual damages. Because Defendant committed the acts knowingly and intentionally, with conscious indifference to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I. **REQUEST FOR DISCLOSURE**

42.     Paragraphs 1 through 41 are incorporated by reference.

43.     Pursuant to TRCP Rule 194, PLAINTIFF requests that defendants disclose the materials described in TRCP Rule 194.2.

## J. **DAMAGES AND PRAYER**

44.     Paragraphs 1 through 43 are incorporated by reference.

45.     The conduct of Defendant, as described herein, was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff suffered economic damage and expenses for which Defendant is liable.

46.     As a direct result of Defendant's knowing misconduct, Plaintiff suffered additional damages.  Accordingly, Defendant is liable to Plaintiff for economic damages and

additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

47.    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendant be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

**MERLIN LAW GROUP**
Three Riverway, Suite 701
Houston, Texas 77056
Telephone:  (713) 626-8880
Facsimile:  (713) 626-8881


By:    */s/ Patrick Connell McGinnis*_____
Patrick Connell McGinnis
State Bar No. 13631900
pmcginnis@merlinlawgroup.com


ATTORNEY FOR PLAINTIFF


## JURY DEMAND

Plaintiff respectfully demands a trial by jury.


*/s/Patrick Connell McGinnis*_____
Patrick Connell McGinnis

# Exhibit A-3-b

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

**SERVICE COPY**

### CITATION

*Cause No. 017-284909-16*

CUMMINGS LAND & PROPERTIES, LTD
VS.
NORTHFIELD INSURANCE COMPANY

TO: NORTHFIELD INSURANCE COMPANY

B/S PRESIDENT-RANDALL DEAN JONES 385 WASHINGTON ST ST PAUL, MN 55102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

CUMMINGS LAND & PROPERTIES LTD

Filed in said Court on April 14th, 2016 Against
NORTHFIELD INSURANCE COMPANY

For suit, said suit being numbered 017-284909-16 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE a copy of which accompanies this citation.

PATRICK CONNELL MCGINNIS
Attorney for CUMMINGS LAND & PROPERTIES LTD Phone No. (713)626-8880
Address    3 RIVERWAY STE 701 HOUSTON, TX 77056

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 15th day of April, 2016.

By Lisa Letbetter Deputy

LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN

Received this Citation on the 27th day of May , 2016 at 9:51 o'clock A.M; and executed at
Corporation Service Company, 505 5th Avenue, Ste. 729 within the county of Polk , State of Iowa at 1:46 o'clock P M
Des Moines, Iowa, 50309
on the 31st day of May , 2016 by delivering to the within named (Def.); Northfield Insurance Company
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: Darren Hester, Process Server
County of Polk State of Iowa By Deputy

Fees $

State of Polk County of Iowa (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Janna Hester before me this 31st day of May , 2016
to certify which witness my hand and seal of office
(Seal) Darren Hester 5-31-16

County of Polk , State of Iowa

JANNA MARIE HEATER
Commission Number 793842
My Commission Expires
January 4, 2019

# Exhibit A-3-c

017-284909-16

FILED
TARRANT COUNTY
6/24/2016 6:04:47 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-284909-16

| | | |
|---|---|---|
| CUMMINGS LAND & PROPERTIES, LTD., | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | TARRANT COUNTY, TEXAS |
| NORTHFIELD INSURANCE COMPANY, | § § § | |
| Defendant. | § | 17TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S ORIGINAL PETITION

Defendant Northfield Insurance Company ("Defendant") files the following Answer to Plaintiff Cummings Land & Properties, Ltd.'s ("Plaintiff") Original Petition and Request for Disclosure ("Original Petition") and states:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.
### SPECIAL DENIAL

Defendant denies that Plaintiff has satisfied all conditions precedent to the recovery it now seeks under Texas statute, Texas law, and/or Northfield Insurance Company policy numbers WSl25204 ("Policy"). Specifically, to recover under the Policy and/or Texas law, Plaintiff must provide Defendant prompt notice of the physical loss or damage made the basis of its insurance claim and promptly provide Defendant all reasonably requested documentation and/or information necessary for Defendant to investigate and evaluate such alleged loss and/or

---

damage. Plaintiff failed to satisfy these conditions, thereby precluding it from recovering on its claims for relief in this matter.

## III.
## AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations set forth in Plaintiff's Original Petition:

1.      Plaintiff's claims are barred, in whole or in part, because the allegations in Plaintiff's Original Petition fail to state a claim upon which relief can be granted.

2.      Plaintiff's claims are subject to all of the terms, conditions, limitations, and exclusions contained in the Policy, including (without limitation) the Policy's endorsement entitled "LIMITATION – ACTUAL CASH VALUE FOR ROOFS."

3.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a covered cause of loss (as required by the Policy).

5.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials, or maintenance.

7.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

8.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of and/or limited coverage for fungus, wet rot, or dry rot.

9.      Plaintiff's claims are barred, in whole or in part, to the extent of Defendant's prior payment(s) under the Policy, and Plaintiff's recovery under the Policy (if any) must be offset and reduced accordingly.

10.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

11.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

12.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendant has and/or had no control.

13.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, release, unclean hands, unjust enrichment, and accord and satisfaction.

14.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding (a) the existence

and/or scope of any covered loss or damage, (b) whether and to what extent any asserted loss or damage was the result of a covered occurrence (or occurrences), (c) the reasonable and necessary measures to repair any covered loss or damage, and (d) the reasonable and necessary measures to repair any covered loss or damage.

15.    Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## PRAYER

Defendant prays that (a) Plaintiff's claim for relief be denied in its entirety, (b) Plaintiff take nothing by way of this lawsuit, and (c) Defendant be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

ZELLE LLP

By:       /s/ James W. Holbrook, III
      James W. Holbrook, III
      Texas Bar No. 24032426
      jholbrook@zelle.com
      Jennifer L. Gibbs
      Texas Bar No. 24050656
      jgibbs@zelle.com
      Tyler J. McGuire
      tmcguire@zelle.com
      Texas Bar No. 24098080

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on June 24, 2016 in accordance with the Texas Rules of Civil Procedure as follows:

Patrick Connell McGinnis
pmcginnis@merlinlawgroup.com
MERLIN LAW GROUP
Three Riverway, Suite 701
Houston, TX  77056
Telephone:     713-626-8880
Facsimile:     713-626-8881
**Attorneys for Plaintiff**

_/s/ James W. Holbrook, III_
James W. Holbrook, III